[No. 1373.  August 21, 1911.]

OLIVER TYPEWRITER COMPANY, Appellee, v. BURTNER & RAMSEY, Appellants .

### SYLLABUS.

1. Where motion to dismiss was at the conclusion of appellee's case, and before the appellants had offered any testimony whatever, and it nowhere appears in the record that the appellants had rested their case prior to making the motion to dismiss, the appellants. upon a denial of the motion to dismiss, had the right to proceed with their case and introduce evidence, and it was error to render judgment for appellee without ruling upon the motion to dismiss or giving defendant's attorney notice of the court's action.

Miss NELLIE C. BREWER for Appellants.

Judgment rendered after notice to dismiss without notice of disposition of motion, and without allowing defendants to plead further, is void, and should have been set aside on motion.  C. L. 1897, sec. 2685, sub-secs. 136, 137; Hungerford v. Cushing, 2 Wis. 305; Nevit v. Crow, 29 Pac. 749; Brady v. Lovell, 6 N. Y. S. 504; In re New York & Oswego Midland R. R. Co., etc., 40 How. Pr. 335; John Jay v. DeGroot, 28 How. Pr. 107.

Judgment rendered without giving defendants an opportunity to answer or be heard is void.  Hovey v. Elliott, 167 U. S. 409; Galpin v. Page, 85 U. S. 350; Cooley Constitutional Limitations, 353; Dartmouth College Case, 17 U. S. 518; Windsor v. McVeigh, 93 U. S. 274; Lasere

v. Rochereau, 84 U. S. 437; Black on Judgments, sec. 320; Ogden v. Davidson, 81 Va. 757; Calvet v. Calvet, 8 Mart., N. S., 301; Coke 2 Inst. 46; 4 Blackstone Commentaries.

Due process of law means according to those rules and forms of procedure which have been established for the protection of private rights. Walker v. Sauvinet, 92 U. S 90; Pennoyer v. Neff, 95 U. S. 714; Taylor v. Porter, 40 Am. Dec. 274; Stuart v. Palmer, 74 N. Y. 183; Hovey v. Elliott, 167 U. S. 407; Windsor v. McVeigh, 93 U. S. 274.

R. W. D. BRYAN for Appellee.

Legal capacity of appellee to sue. International Text Book Co. v. Pigg, 217 U. S. 91.

Appeals involving small sums are discouraged. Wagner v. Eaton, 2 N. M. 211.

Rendition and entry of judgment are entirely different things. C. L. 1897, sec. 2685, sub-sec. 136; 18 Enc. P. & P. 430; Gray v. Palmer, 28 Cal. 416; Schuster v. Rader, 13 Colo. 329.

Premature entry of judgment is not a jurisdictional defect. 23 Cyc. 838; Anders v. Devries, 26 Md. 222; Whitman v. Meissner, 34 Ind. 487; 23 Cyc. 895; Kemerer v. Bournes, 4 N. W. 921, Iowa; Schofield v. Territory, 9 N. M. 526; Liv. & L. G. I. Co. v. Perrin & Co., 10 N. M. 90.

It is presumed in absence of evidence to the contrary that the business of the court was proceeded with in a proper manner. Reynolds v. Nelson, 41 Miss. 83; Hunt v. Scobie, 45 Ky. 469; Territory v. Webb, 2 N. M. 147; U. S. v. DeAmador, 6 N. M. 173; Cushing v. Billings, 56 Mass. 158; Hagerty v. White, 34 N. W. 92, Wis.; Pomeroy v. State Bank of Indiana, 68 U. S. 592; Johnson v. Watson, 157 Pa. St. 454; Mulholland v. Heineman, 19 Cal. 605; Mulhall v. Keenan, 85 U. S. 342; A. T. & S. F. R. R. Co. v. Howard, 49 Fed. 206; Green v. Farlow, 138 Mass. 146; Conrad v. Belt, 22 Mo. 166; 23 Cyc. 964.

The discretion of the trial judge in conducting the trial will only be interfered with for manifest abuse. Col-

lins v. Karatopsky, 36 Ark. 316; Smith v. Billett, 15 Cal.
23; Snodderly v. Fairmount, 23 W. Va. 472; Witt v.
Cuenod, 9 N. M. 143; Lincoln Lucky & Lee Min. Co. v.
Hendry, 9 N. M. 149; Lamy v. Catron, 5 N. M. 373;
Pearce v. Strickler, 9 N. M. 467.

Appeal from the District Court for Bernalillo County,
before IRA A. ABBOTT, Associate Justice. Reversed and
remanded.

### STATEMENT OF FACTS.

This action was originally brought in the justice
court of Precinct 26, Bernalillo county, to recover the
sum of $13.30 freight charges upon four Oliver type-
writers; the Oliver Typewriter Company, appellee herein,
being plaintiff in the courts below. Judgment was ren-
dered in the justice court dismissing the case "on the
ground that a foreign corporation cannot enforce its con-
tracts made in this territory without first complying with
the statutes." Notice of appeal was given by the plaintiff
and appeal duly taken to the district court on August
23, 1909. Upon trial *de novo* in the district court, at
the close of appellee's case, appellants moved to dismiss
the case upon the grounds "that plaintiff was a foreign
corporation, not having complied with the laws of the
territory, attempting to sue upon an alleged contract,
which, if made at all, was made in the territory and hence
no legal capacity to sue." This motion was made orally,
was argued by counsel, and taken under advisement by
the court. Several days therafter, to-wit, on the 17th of
September, A. D. 1909, the court rendered judgment in
favor of the appellee in the sum of $6.65; the said judg-
ment being as follows: "Oliver Typewriter Co. vs. Burt-
ner & Ramsey, 7970. The above cause coming on to
be heard on the testimony adduced on the part of the
plaintiff, jury having been waived by both parties and the
Court having heard R. W. D. Bryan, attorney for plain-
tiff, and Miss Nellie C. Brewer, attorney for defendant
Burtner, and the Court, being fully advised, finds the
issues for the plaintiff. It is therefore ordered, adjudged

and decreed that the said plaintiff, the Oliver Typewriter Company, do have and recover from the said defendant firm, Burtner & Ramsey, and from the individuals composing the partnership, of O. A. Burtner and G. S. Ramsey, the sum of six and sixty-five hundredths ($6.65) dollars, together with the costs of this suit, and that execution issue therefor."

On October 2, 1909, the apellants moved to vacate and set aside said judgment. This motion was denied. From the action of the Court the appellants prayed an appeal, which was duly allowed. The Court also signed and settled a bill of exceptions setting forth the facts relating to the trial, and entering of judgment which were not otherwise of record. In such bill of exceptions, so signed and settled, appears the following statement of the proceedings had at that time: "That heretofore, and on the 23rd day of August, 1909, at the County of Bernalillo and Territory of New Mexico, this cause came on for trial in the district court before the judge of said court sitting in chambers, jury trial having been waived, upon an appeal from the Justice Court of Precinct 26, taken by the plaintiff herein; and, thereupon came the attorney for the plaintiff and presented his testimony to the Court, and thereupon, at the close of plaintiff's case, the attorney for defendants offered no evidence in open court, but orally moved to dismiss plaintiff's suit for the reason that, if the plaintiff was sueing upon any contract, it was upon a contract made in this Territory, and that plaintiff was a foreign corporation not having complied with the laws of the Territory of New Mexico, and hence had no legal capacity to sue; upon which said motion the Court heard counsel for plaintiff and defendants. And, thereafter, the Court in this cause rendered judgment on the 17th day of September, 1909, in favor of plaintiff, but that said defendants had no knowledge or notice that said judgment had been rendered and had no opportunity to except either to the ruling of the Court or to the judgment rendered until attorney for defendants returned to the city and found execution had been levied and collected, unless through the fact that E. W. Dobson, Esq., an at-

torney of this court in whose office Miss Brewer, the attorney of record for the defendants and who conducted the case throughout for them, was employed as clerk and stenographer, was in the court room at the time the judg-. ment was rendered and was informed what judgment was rendered, the court mistakenly assuming that the case was his and that Miss Brewer was acting for him in the matter, as she had represented him many times in court, and this was her first contested case in this court on her own account; whereupon these defendants immediately and on the 2nd day of October, 1909, filed a motion to set aside judgment and excepted to the ruling of the court and rendition of judgment, and still excepts."·

### OPINION OF THE COURT.

WRIGHT, J.—Counsel for appellants assigns nine grounds of error, but an examination of the same discloses the fact that six of the assignments are to the same general effect, and can be disposed of as one assignment. The remaining three assignments are abandoned by counsel and need not be considered. The contention of counsel for the appellants is, that the judgment rendered by the Court, after the motion to dismiss had been taken under advisement, without notice of the disposition of the motion to dismiss, was void and should have been set aside on motion. An examination of the record in this case fails to show that the trial court ever made any disposition whatever of the motion to dismiss, unless it can be said, that the entry of the final judgment, in effect, denied the motion.

Under the facts in this case, however, we are of the opinion that the entry of final judgment, in the manner and form it was entered in this case, did not dispose of the pending motion to dismiss. It appears from the record and bill of exceptions that the motion to dismiss was made at the conclusion of the appellee's case, and before the appellants had offered any testimony whatever, and it nowhere appears in the record that the ap-

pellants had rested their case prior to making the motion to dismiss. Under such circumstances, the appellants, **1** upon a denial of the motion to dismiss, would undoubtedly have the right to proceed with their case and introduce evidence. The Court, by entering the judgment set out in the statement of facts, without ruling upon the motion to dismiss, or giving notice to counsel for appellants, clearly deprived appellants of this right. For the reasons stated herein, judgment of the lower court is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.